# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

ARQUIMEDES A. GIERBOLINI-RIVERA,

Defendant.

Criminal No. 13-900-1 (ADC)

## OPINION AND ORDER

Defendant Arquímedes A. Gierbolini-Rivera has moved the Court, pursuant to Federal Rule of Appellate Procedure 4(b)(4), to extend his time to file a notice of appeal of the Court's Opinion and Order denying his motion to reconsider his sentence. **ECF No. 78**. The Court had entered the Opinion and Order on July 8, 2016. *See* **ECF No. 71**. Thus, under Rule 4(b)(1)(A)(i), defendant had fourteen days from that date – that is, until July 22, 2016 – to file a timely notice of appeal. Instead, he filed an untimely notice on July 28, 2016, six days late. **ECF No. 73**. He has not provided the Court with any reason, let alone a good one, for why the notice was late. Accordingly, the Court now denies defendant's motion for an extension of time.

"Compliance with the time limits set forth in Fed. R. App. P. 4(b) is mandatory." *United States* v. *González-Rodríguez*, 777 F.3d 37, 40 (1st Cir. 2015). However, the Court may extend those filing deadlines by up to thirty days, under limited circumstances, upon a showing of "excusable neglect or good cause." *Id*. at 40 n.6 (quoting Fed. R. App. P. 4(b)(4)); *cf. Local Union No. 12004, USW* v. *Massachusetts*, 377 F.3d 64, 72 (1st Cir. 2004) (construing analogous extension-of-time

provision in Fed. R. App. P. 4(a)(5)(A)(ii). The decision to grant this relief is entrusted to the discretion of the Court. *Graphic Commc'ns Int'l Union, Local 12-N* v. *Quebecor Printing Providence, Inc.*, 270 F.3d 1, 4 (1st Cir. 2001) (construing analogous provision in Fed. R. App. P. 4(a)(5)(A)(ii)). To warrant relief, there must be, at least, "a satisfactory explanation for the late filing." *Id.* at 5. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually" suffice. *Id.* at 6 (quoting *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). The Court may deny relief in "the absence of unique or extraordinary circumstances." *Id.*

In his motion, the only reason that defendant provides for why he should be granted an extension of time to file a notice of appeal is his "intentions of appealing the Judgement imposed on September 2015." **ECF No. 78**, ¶ 7. That reason is plainly inadequate on several grounds. First, in determining whether defendant merits an extension of time for a late filing, "the excuse given for the late filing [has] the greatest import." *Graphic Commc'ns Int'l Union*, 270 F.3d at 5 (quoting *Hosp. del Maestro* v. *NLRB*, 263 F.3d 173, 175 (1st Cir. 2001)). However, defendant's only proffered reason for an extension does not even address why his notice of appeal was untimely. Second, if a desire to appeal were sufficient reason to warrant relief from the non-extended filing deadline, compliance with the initial deadline would no longer be "mandatory," albeit subject to a narrow exception, as it currently is. *González-Rodríguez*, 777 F.3d at 40. Under defendant's version of Rule 4(b)(4), the exception would swallow the rule. Third and finally, defendant does not need to appeal the Court's denial of his motion to reconsider if, as his current motion states,

he just wants to appeal his September 2015 judgment of conviction. After all, he timely appealed the judgment. *See* **ECF No. 55**. That appeal is still in the briefing stage before the First Circuit Court of Appeals, and defendant has not yet submitted his main brief. *See United States* v. *Gierbolini-Rivera*, No. 15-2076 (1st Cir. docketed Sept. 23, 2015). Defendant does not have to appeal the denial of his motion to reconsider to continue pursuing that pending appeal.

In sum, the Court hereby **DENIES** defendant's motion to extend time. *See* **ECF No. 78.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of April, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**